Filed 11/25/19

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----


| | |
|---|---|
| In re the Marriage of ZOE KATHERINE and RICHARD ANTHONY PASCO. | |
| ZOE KATHERINE PASCO,<br><br>Respondent,<br><br>v.<br><br>RICHARD ANTHONY PASCO,<br><br>Appellant. | C085721<br><br>(Super. Ct. No. 12FL03919) |


APPEAL from a judgment of the Superior Court of Sacramento County, Ernest W. Sawtelle, Judge. Reversed and remanded.

Law Office of Stephanie J. Finelli and Stephanie J. Finelli for Appellant.

DOWNEY BRAND, Jay-Allen Eisen, Sheila W. Pendergast; HEMMER & BARR and Jill L. Barr for Respondent.

Richard Anthony Pasco (Richard) appeals from a postjudgment order denying his request for an order terminating spousal support. He claims the trial court abused its discretion by denying his request on the first day of trial "without ever actually taking evidence." Respondent Zoe Katherine Pasco (Zoe) argues the trial court acted within its discretion "in refusing to hear" oral evidence. The issue here is not whether the trial court had discretion to refuse to hear oral evidence; the issue is that the trial court denied Richard's request without taking *any* evidence. This was an abuse of the court's discretion. Accordingly, we reverse the court's September 11, 2017 order[1] and remand the matter with directions to proceed with the previously scheduled, two-day trial unless intervening circumstances or settlement have obviated the need for this trial.

## BACKGROUND

The parties were married for just over 20 years. A stipulated judgment dissolving their marriage was filed on December 19, 2014, and included the parties' agreement for spousal support. The parties agreed Richard would pay to Zoe $2,500 each month for spousal support (plus a percentage of bonuses) and they would "review spousal support in December 2016." They also agreed "the marital standard of living has not been established" and Zoe would obtain a teaching credential for special education.

---

[1] In his notice of appeal, filed on October 11, 2017, Richard indicated he was appealing from the August 18, 2017 order. That order was superseded by an amended minute order filed by the court on September 11, 2017, that corrected a typographical error but made no substantive changes. We liberally construe the notice of appeal to encompass the September 11, 2017 amended minute order. (*Russell v. Foglio* (2008) 160 Cal.App.4th 653, 661 [" 'notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from' "].)

On January 4, 2017, Richard filed a request for order terminating spousal support (the request) based on Zoe's new job and increased monthly income. Richard retained an expert who, after reviewing financial records, "indicated [Zoe] would need $3,300 per month after taxes in order to maintain the marital standard of living." A hearing was set for February 22, 2017.

Zoe opposed the request. She argued there were "several factors that the court will need to consider when conducting the evidentiary hearing on this motion." Zoe noted she was no longer receiving child support and argued, "this is a change of circumstances to which the court should take note." She had to take out a mortgage on the family home, and she disagreed with Richard's expert on the marital standard of living so would have to retain her own expert. Zoe asked "the court [to] set this matter for an evidentiary hearing so that the court may hear evidence on the appropriate Family Code section 4320 factors." She also asked for attorney fees.

On February 22, 2017, the parties and their counsel appeared before the court on the law and motion calendar. The court set the matter for a two-day trial, as well as the mandatory settlement conference. (Super. Ct. Sacramento County, Local Rules, rule 5.28(A) [court required to set a settlement conference prior to trial date].) Prior to the mandatory settlement conference, the parties each submitted a statement of issues and contentions, along with their proposed dispositions. (Super. Ct. Sacramento County, Local Rules, rule 5.29(A) [parties required to submit a statement of issues and contentions in advance of the mandatory settlement conference].)

In his statement of issues and contentions, Richard continued to argue that because Zoe now had a job, she was able to meet the marital standard of living, as determined by his expert, without spousal support. In her statement of issues and contentions, Zoe argued that "[o]nce the court goes through the appropriate Marital Standard of Living analysis, it will be clear that the order for spousal support should not be terminated and it

3

should continue as [Zoe] still needs spousal support." She said her expert did not agree with the marital standard of living reached by Richard's expert; her expert would "testify that the standard of living was much higher."

She further argued that, although she now received a pay check, her expenses also had increased and she was no longer receiving child support. She thus claimed that "arguably, there is no substantial change in circumstances, which is required for the court to modify a spousal support order." Zoe "reserve[d] her right to fully address the factors of Family Code section 4320 in a trial brief in the event that this matter does not resolve at settlement conference."

The matter did not resolve at the mandatory settlement conference and the two-day trial was confirmed.

On the first day of trial, August 18, 2017, Zoe filed a trial brief in which she again said there was "arguably" no showing of changed circumstances and "[t]he evidence [would] demonstrate that [she] cannot maintain the standard of living based upon her earning capacity." She addressed each of the Family Code section 4320 factors and argued that "[t]he equities" weighed in favor of continuing the existing order for support. She reiterated her request for attorney fees.

At the start of trial, the court asked Zoe's counsel, Jill Barr, to address her "threshold" argument, that there were no changed circumstances. Barr began: "My argument is that the - - when you look at the overall cash flow, there really hasn't been a material change in circumstances." The court then engaged Barr and Zoe in a colloquy regarding Zoe's circumstances. Barr indicated the facts they were discussing would "come out in the evidence."

The court asked Richard's counsel, Frank Dougherty, if he wanted "to be heard." Dougherty responded: "the problem with the argument about no change of circumstances is it's heavily based on assumption of facts the Court has to hear the evidence for. So it's

4

not a preliminary matter in that sense, but let me address it anyway in terms of what the evidence will show."

Dougherty went on to describe the evidence he intended to present at trial. He argued it would both demonstrate changed circumstances and show Zoe could meet or exceed the marital standard of living on her own. Barr challenged Dougherty's factual assertions as well as his conclusions. The court asked if the matter was submitted. Barr said, "Yes." Dougherty did not respond, "(No audible response.)"

The court ruled there were "no material changes in circumstances at this time to warrant a hearing on modification/termination of spousal support." The court then asked the parties to make their arguments relative to Zoe's request for attorney fees.

Rather than respond to Zoe's request for fees, Dougherty objected repeatedly to the court's ruling. Dougherty argued the court was precluded from ruling on Richard's request without first considering evidence. Dougherty asked the court to recuse itself under Code of Civil Procedure section 170.1 and send the parties back to the presiding judge for a new trial judge. Dougherty argued the court's ruling demonstrated Richard could not get a fair hearing in this courtroom. The court asked Dougherty for authority to support his recusal motion. Dougherty responded: "In my wildest dreams I did not imagine or come prepared with case law that a judge after the issue of change of circumstances had not been raised by opposing counsel or her client.[2]

"The Court: It's in her motion. It's in her brief.

"[Dougherty]: In what brief?

"The Court: Her brief. That's one of the first thing[s] she addresses.

---

[2] We recognize this quote does not make sense, but may demonstrate how surprised counsel was by the trial court's ruling.

5

"[Dougherty]: That she handed me today.

"The Court: August 18 is when this is filed . . . ."

The court recessed to conduct its own research, returned, and denied Dougherty's recusal motion. Relying on Code of Civil Procedure section 170.4, subdivision (b), the court found Dougherty's request was not properly made. The court continued to press Dougherty to limit his argument to Zoe's request for attorney fees. Dougherty acquiesced and argued against Zoe's request for fees.

Dougherty argued Richard incurred significant fees preparing for a trial that did not happen. The equities, therefore, dictated Richard should not be ordered to pay Zoe's fees. The court was not persuaded and ordered Richard to pay $2,500 to Zoe for her attorney fees, reduced from her original request for fees because there was no trial.

Richard appeals from this order.

## DISCUSSION

Richard contends the trial court abused its discretion by denying his request for an order terminating spousal support without considering any evidence. We agree.

Trial courts have broad discretion in deciding whether to modify a spousal support order based upon changed circumstances. (*In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 836.) In exercising its discretion, however, "a trial court must 'follow established legal principles and base its findings on substantial evidence.' [Citation.] 'If the trial court conforms to these requirements its order will be upheld whether or not the appellate court agrees with it or would make the same order if it were a trial court.' [Citation.] However, 'a court abuses its discretion if its findings are wholly unsupported, since a consideration of the evidence "is essential to a proper exercise of judicial discretion." ' [Citations.]." (*Id.* at pp. 836-837.)

6

Here, the court found no changed circumstances but did so without considering any evidence. Zoe argues the trial court considered the evidence "before the court . . . in the stipulated judgment and the income and expense declarations and fact based declarations of the parties." Zoe, however, does not include a citation to the record to support this assertion and we can find nothing in the record to support it. Indeed, the trial court was nearly silent on exactly what documents it did or did not consider in reaching its decision. There is some indication the court was looking at Zoe's trial brief but nothing more. A trial brief is not evidence, it is argument.

Assuming, as Zoe does, the court relied on the parties' previously filed declarations in reaching its decision, that was error because none of the declarations filed in support of or in opposition to Richard's request for an order were admitted into evidence.

The family court is bound by the rules of evidence. (See *In re Marriage of Boblitt* (2014) 223 Cal.App.4th 1004, 1022 [family proceedings governed by same statutory rules of evidence and procedure applicable in other civil actions]; Fam. Code, § 210 ["the rules of practice and procedure applicable to civil actions generally . . . apply to, and constitute the rules of practice and procedure in, proceedings under [the Family Code]"]; Cal. Rules of Court, rule 5.2(d).) Declarations filed in support of a request for order are intended only to give notice to the opposing party of the basis of the request. (*In re Marriage of Shimkus* (2016) 244 Cal.App.4th 1262, 1271 (*Shimkus*); Cal. Rules of Court, rule 5.92(b)(1).) They are not, as Zoe apparently assumes, automatically admitted into evidence. (*Shimkus,* at p. 1271.) Thus, unless the parties' declarations are offered as

7

evidence, marked, and subject to objections, they are not evidence the court may consider in resolving disputed factual issues. (*Shimkus,* at p. 1271.)[3]

The parties were well past making an offer of proof to establish a prima facie showing of changed circumstances. (See, e.g., *In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 962 [evidentiary hearing on a move away request required only if moving party able to make prima facie showing the move would be detrimental to child].) The parties already appeared on the court's law and motion calendar, and the court set the matter for a two-day trial along with the mandatory settlement conference.[4] In anticipation of the mandatory settlement conference, the parties each prepared a statement of issues and contentions, in which they discussed evidence related to the Family Code section 4320 factors. They discussed their competing experts' opinions

---

**3**    The court of appeal in In *re Marriage of Binette* (2018) 24 Cal.App.5 1119, held the parties' conduct resulted in an "implicit agreement to rely on the documents submitted, unless the court directed otherwise." (*Id.* at p. 1130.) The court went on to suggest, in dicta, that pursuant to the decision in *Shimkus, supra,* 244 Cal.App.4th 1262 at p. 1271, unless the trial court provides "clear direction" that it will only be considering oral testimony, the parties' declarations will be automatically admitted into evidence. (*Binette* at p. 1130.) We disagree with this characterization of the holding in *Shimkus*. Moreover, as noted in *Shimkus*, this is not how the rules of evidence work: documents must be marked and subject to objections before they can be admitted into evidence. (*Shimkus*, *supra*, 244 Cal.App.4th at p. 1271; Cal. Rules of Court, rule 5.92(b)(1).)

**4**    At the trial, Barr argued the court did not find a prima facie showing of changed circumstances. She says the parties stipulated to set the matter for trial.

That stipulation is not in the record. In any event, a stipulation to set the matter for trial is a tacit agreement that Richard made a prima facie showing of changed circumstances in his declarations. It is reasonable to assume that if Zoe believed she could avoid a two-day evidentiary hearing by arguing Richard failed to make a prima facie showing of changed circumstances with his declarations, she would have argued that at the short cause hearing.

8

with regard to the marital standard of living. And they each discussed whether Zoe could meet the marital standard of living without Richard's support.

In her statement of issues and contentions, Zoe did say that because her expenses increased along with her income, there "arguably" were no changed circumstances. But she did not argue that Richard could not make, or had not made, a *prima facie showing* of changed circumstances, and she did not object to the two-day trial being set. Accordingly, on this record, we must assume a prima facie showing of changed circumstances already was made. (See *In re Marriage of Brown & Yana, supra*, 37 Cal.4th at p. 962 [not entitled to evidentiary hearing on request to modify final custody order, must make prima facie showing of changed circumstances].)

Because a prima facie showing of changed circumstances already was made based on the offer of proof in Richard's declarations at trial, the court was precluded from relying on the parties' declarations unless they were admitted into evidence – they were not. (See *In re Marriage of Boblitt, supra*, 223 Cal.App.4th at p. 1022.) The court also was precluded from relying on the argument of counsel and the unsworn statements of either party, neither of which is evidence. (*In re Heather H.* (1988) 200 Cal.App.3d 91, 95 ["unsworn testimony does not constitute 'evidence' within the meaning of the Evidence Code"]; *People v. Superior Court* (*Crook*) (1978) 83 Cal.App.3d 335, 341 [statements by counsel are not evidence]; see also Cal. State Bar Rules of Prof. Conduct (Nov. 1, 2018 ed.) rule 3.4(g) <http://www.calbar.ca.gov/Portals/0/documents/rules/Rules-of-Professional-Conduct.pdf> [as of Nov. 21, 2019], archived at <https://perma.cc/8MGZ-5HK9>) [attorneys must not "assert personal knowledge of facts in issue, except when testifying as a witness"].)

In sum, the trial court based its decision on Richard's request for an order solely on the argument of counsel and Zoe's unsworn statements in response to the

court's questions.  The court did not consider any actual evidence.  This was an abuse of the court's discretion.  (*In re Marriage of Swain, supra*, 21 Cal.App.5th at pp. 836-837.)

## DISPOSITION

The trial court's September 11, 2017 order is reversed.  The matter is remanded for further proceedings consistent with this opinion.  Richard Anthony Pasco is awarded his costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


                /s/
                HOCH, J.


We concur:


       /s/
RAYE, P. J.


       /s/
BUTZ, J.